# STATE OF OREGON,
*Respondent,*

*v.*

# WADE MOORE STEWART,
*Appellant.*

## (10-91-06698; CA A74521)

859 P2d 1200

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, for motion.

No appearance *contra*.

Before Warren, Presiding Judge, and Edmonds and De Muniz, Judges.

PER CURIAM

De Muniz, J., concurring.

## PER CURIAM

We allow the state's motion for reconsideration of our decision in which we affirmed defendant's conviction for murder but remanded for resentencing. 120 Or App 245, 850 P2d 1173 (1993).

Defendant was found guilty of murder in violation of ORS 163.115(1) based on stipulated facts. There was no agreement between the parties regarding dismissal of any other charges or the sentence. Defendant's assignments of error were, thus, reviewable. He argued that the court erred in considering, as part of his criminal history, sexual abuse crimes for which he had been convicted but not sentenced, and that the life sentence and 20-year prison terms were unlawful, as well as the post-prison term of 20 years.

In *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993), the Supreme Court held that there is no longer an indeterminate "life sentence" on a murder conviction, but that minimum sentence provisions in ORS 163.115(3)(b) and (c) are still available. *See also State v. Bellek*, 316 Or 654, 856 P2d 616 (1993). In its motion, the state concedes that the "life sentence" portion of defendant's sentence is reversible error. The 20-year minimum term is lawful under ORS 163.115, irrespective of which grid block applies to defendant's criminal history. The state is correct that, under OAR 253-05-004(1) and *State v. Morgan, supra*, the 20-year term of post-prison supervision is error.

Reconsideration allowed; opinion withdrawn; conviction affirmed; remanded for resentencing.

**De MUNIZ, J.,** concurring.

I agree with the majority, but write separately to point out the problem this case presents that is left unresolved by the Supreme Court's opinion in *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993).

In our opinion in *Morgan*, 116 Or App 338, 842 P2d 406 (1992), we held that the 10-year minimum term under ORS 163.115(3)(b) and the authorized 15-year additional term under ORS 163.115(3)(c) had been impliedly repealed by the sentencing guidelines. Part of our reasoning was that those terms could not be the "determinate" sentences that

the guidelines require if the Board of Parole and Post-Prison Supervision can set them aside under ORS 163.115(3)(d):

"The minimum term set forth in paragraph (b) or (c) of this subsection may be set aside by a unanimous vote of the State Board of Parole and Post-Prison Supervision."

The Supreme Court rejected our holding that ORS 163.115(3) had been impliedly repealed and held that the sentences under subsections (3)(b) and (c) are "determinate" sentences within the meaning of ORS 137.637. However, the court did not explain the effect of ORS 163.115(3)(d) on those determinate terms. It also did not explain the conflict between that subsection and the restriction on the Board's authority to authorize parole for offenders who committed crimes after November 1, 1989. Or Laws 1989, ch 790, § 28.[1]

The judgment here sentences defendant to a "minimum-mandatory term of twenty (20) years." Presumably, 10 of those years are pursuant to ORS 163.115(3)(a) and 10 pursuant to ORS 163.115(3)(b). Whether the Board can act on that determinate 20-year term and at what point are questions that the Supreme Court's opinion appears to leave unanswered.

---

[1] That section has not been codified. It is found following ORS 144.110 and provides:

"The provisions of ORS 144.110, 144.120, 144.122, 144.125, 144.130, 144.135, 144.185, 144.223, 144.245, 144.270 and 144.305 apply only to offenders convicted of a crime committed prior to November 1, 1989, and to offenders convicted of aggravated murder regardless of the date of the crime."