Argued and submitted March 24, affirmed June 17,
petition for review denied September 29, 1998 (327 Or 554)

STATE OF OREGON,
*Respondent,*

*v.*

DAVID DELANO FRANCIS,
*Appellant.*

(961900C2; CA A96342)

962 P2d 45

David E. Groom, Deputy Pubic Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

WOLLHEIM, J.

.

## WOLLHEIM, J.

Defendant appeals the sentence imposed after a judgment of conviction for murder. The trial court held that ORS 137.700 *et seq.*[1] is unconstitutional and sentenced defendant to life in prison, with a minimum term of 25 years and post-prison supervision for life. We review the sentence for errors of law. ORS 138.222(4)(a). We affirm defendant's conviction for murder and his indeterminate life sentence, with a minimum sentence of 25 years and post-prison supervision for life.

On the evening of May 14, 1996, defendant bought beer for the victim, Wood, because the grocery clerk refused to sell alcohol to Wood. Defendant, Wood, and another man, Vermillion, then walked to a building alcove to drink. Defendant began to argue with Wood because Wood would not remove a white baseball cap he was wearing. Defendant was afraid the white cap would cause a police officer to see the trio drinking, which was a violation of defendant's parole. Wood and defendant walked out onto the sidewalk, still arguing, and defendant stabbed Wood twice, once in the upper thigh, and once in the chest. Numerous witnesses to the crime testified at trial, and defendant was convicted of murder.

At sentencing, the state requested the mandatory minimum sentence of 25 years, pursuant to ORS 137.700-(2)(a)(A).[2] Defendant requested a guidelines sentence, arguing that ORS 137.700 *et seq.* is unconstitutional. The trial court agreed that Ballot Measure 11 is unconstitutional and sentenced defendant to life imprisonment pursuant to ORS 163.115. Defendant objected to the imposition of the life sentence, arguing that such a sentence is inconsistent with *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993). Defendant also

---

[1] ORS 137.700 *et seq.* is popularly known as Ballot Measure 11.

[2] ORS 137.700 provides, in pertinent part:

"(1) * * * The court may impose a greater sentence if otherwise permitted by law, but may not impose a lower sentence than the sentence specified in subsection (2) of this section.

"(2) The offenses to which subsection (1) of this section applies and the applicable mandatory minimum sentences are:

"(a)(A) Murder, as defined in ORS 163.115.....300 months."

argued that the departure factors on which the court relied were not supported by the evidence. The trial court disagreed and imposed sentence accordingly.

■   On appeal, defendant contends only that the imposition of a life sentence is inconsistent with *Morgan* and requests that his sentence be vacated. Defendant argues that a 25-year determinate sentence should be imposed, with post-prison supervision for life. The state responds that *Morgan* was overruled by the legislature when it amended ORS 163.115 in 1995.

In *Morgan*, the Supreme Court held that the indeterminate life sentence for murder then provided by ORS 163.115(3)(a) was impliedly repealed by the enactment of the sentencing guidelines, which provide determinate presumptive sentences for murder between 120 and 269 months. The court went on to hold that other provisions of ORS 163.115 that provided for mandatory minimum sentences for murder, were not necessarily inconsistent with the guidelines and thus were not impliedly repealed.[3]

After that decision, we vacated a number of life sentences and remanded for imposition of determinate terms followed by post-prison supervision for life. *See, e.g., State v. Zelinka*, 130 Or App 464, 478, 882 P2d 624 (1994), *rev den* 320 Or 508 (1995); *State v. Hostetter*, 125 Or App 491, 493, 865 P2d 485, *rev den* 318 Or 583 (1994); and *State v. Stewart*, 123 Or App 432, 433, 859 P2d 1200, *rev den* 318 Or 246 (1993). In 1995, however, the legislature amended the section of ORS 161.115 that *Morgan* held to be impliedly repealed. There is no case law addressing this issue after the 1995 amendments to ORS 163.115.[4]

Resolution of this case is a matter of statutory construction. Our goal is to discern the intent of the legislature

---

[3] The *Morgan* court suggested that a life sentence might be possible under the guidelines as an upward departure. 316 Or at 559. However, under the current guidelines, an upward departure to a life sentence is not possible. *See* OAR 213-008-0003(2).

[4] We have decided two cases since the 1995 amendments, namely, *State v. Cannon*, 135 Or App 561, 900 P2d 529 (1995), and *State v. Henderson*, 146 Or App 81, 932 P2d 577 (1997). However, neither of those cases decided this issue pursuant to ORS 163.115 (1995), which became effective June 30, 1995.

as expressed in ORS 163.115(5) (1995). *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The first level of our analysis is an examination of the statute's text and context. *Id.* at 610-11. If the intent of the legislature remains unclear, we examine the legislative history of the statute. *Id.* at 611-12. If the legislative history makes clear the legislature's intent, our inquiry is at an end. *Id.* at 612.

■ ORS 163.115 (1993) provided, in part:

"(4)(a)  A person convicted of murder shall be punished by imprisonment for life.

"(b)  When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c)  When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this section, may order that the defendant shall be confined for a minimum term of up to an additional 15 years * * *.

"(d)  The minimum term set forth in paragraph (b) or (c) of this subsection may be set aside by an unanimous vote of the State Board of Parole and Post-Prison Supervision."

In Oregon Laws 1995, chapter 421, section 3, the legislature amended and renumbered the pertinent subsection of ORS 163.115, deleting subsections (4)(c) and (4)(d), increasing the determinate sentence to 25 years, and adding language that would make juveniles age 15 and over subject to the statute. ORS 163.115(5) (1995) provided, in part:

"(5)(a)  A person convicted of murder, *who was at least 15 years of age at the time of committing the murder*, shall be punished by imprisonment for life.

"(b)  When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for *a minimum of 25 years* without possibility of parole[.]"

(Emphasis supplied.) The legislature amended section (5)(a), the section that *Morgan* declared impliedly repealed.

Because we do not interpret a legislative amendment as meaningless if another reasonable construction is available, the amendment has the effect of reviving and reenacting ORS 163.115(5)(a). *1000 Friends of Oregon v. Wasco County Court*, 299 Or 344, 358, 703 P2d 207 (1985).

ORS 137.700(2)(a)(A), which requires that a defendant convicted of murder be sentenced to a mandatory *minimum* sentence of 25 years, is consistent with ORS 163.115(5) (1995). ORS 163.115(5)(b) (1995) requires that a person convicted of murder shall be punished by an indeterminate term of life in prison, with a mandatory minimum of 25 years, which merely reiterates the mandatory minimum requirement contained in ORS 137.700(2)(a)(A).

Affirmed.