695

Argued and submitted May 5, affirmed September 28, 2005

Christopher McGARRY,
*Respondent,*

*v.*

Craig HANSEN,
dba Hansens BMW Triumph Ducati Ktm
and Richard Hansen,
dba Hansens BMW Triumph Ducati Ktm,
*Defendants,*

*and*

TRIUMPH MOTORCYCLES (AMERICA) LIMITED,
a Georgia corporation,
*Appellant.*

0204-03846; A123266

120 P3d 525

Eli D. Stutsman argued the cause for appellant. With him on the brief were Matthew Whitman and Meyer & Wyse LLP. On the reply brief were Eli D. Stutsman, Bruce H. Orr, and Meyer & Wyse LLP.

George S. Pitcher argued the cause for respondent. With him on the brief were Daniel W. Ferm, Ellen M. Voss, and Williams, Kastner & Gibbs PLLC.

Before Schuman, Presiding Judge, and Edmonds* and Wollheim, Judges.

SCHUMAN, P. J.

_____

* Edmonds, J., *vice* Ceniceros, S. J.

## SCHUMAN, P. J.

Plaintiff purchased a motorcycle manufactured by defendant. Mechanical problems developed. After defendant did not resolve them to plaintiff's satisfaction, he brought this action alleging breach of contract and breach of express and implied warranties, claiming $5,500 in damages.[1] A jury returned a verdict in plaintiff's favor for that amount. In a supplemental judgment, the court awarded plaintiff $46,909 in attorney fees, an enhanced prevailing party fee of $2,000, and $777 in costs and disbursements. On appeal, defendant contests only the allowance of attorney fees, arguing that the statute under which they were allowed, ORS 20.082, does not apply to actions on contracts unless the contract was one "evidencing a debt." We review for error of law, *Chaffee v. Shaffer Trucking, Inc.*, 151 Or App 323, 325, 948 P2d 760 (1997), and affirm.

■    In relevant part, ORS 20.082 provides:

"(1)   As used in this section, 'contract' includes all express or implied contracts and instruments or documents evidencing a debt.

"(2)   Except as provided in this section, a court shall allow reasonable attorney fees to the prevailing party on any claim based on contract if:

"(a)   The amount of the principal together with interest due on the contract at the time the claim is filed is $5,500 or less; and

"(b)   The contract does not contain a clause that authorizes or requires the award of attorney fees.

"* * * * *

"(5)   The provisions of this section do not apply to:

"(a)   Contracts for insurance;

"(b)   Contracts for which another statute authorizes or requires an award of attorney fees;

---

[1] The defendants below included the dealer from whom plaintiff bought the motorcycle. The manufacturer is the sole appellant.

"(c)   Any action for damages for breach of an express or implied warranty in a sale of consumer goods or services that is subject to ORS 20.098; or

"(d)   Any action against the maker of a dishonored check that is subject to ORS 30.701."

Plaintiff argues that his action falls within the terms of the statute. Defendant contends that it does not. Each side musters cogent arguments but, as we explain below, plaintiff's is ultimately better.

In essence, defendant's position is that the statute applies only to actions for the recovery of small debts. In support of that position, it argues that the participial phrase "evidencing a debt" in subsection (1) modifies all of the noun phrases that precede it: express contracts, implied contracts, and "instruments or documents." Thus, the first criterion that an action must meet in order to qualify for attorney fees under the statute is that it be an action to collect on a debt; because plaintiff does not claim a "debt," that is, he does not claim that defendant has failed to pay back a sum of loaned money, his action does not qualify. Further, according to defendant, that interpretation is confirmed in paragraph (2)(a), which limits application of the statute to contracts for amounts not larger than $5,500 in "principal together with interest due"; only contracts "evidencing a debt" consist of principal and interest. More specifically, because all of plaintiff's claims are for breach of warranty in one form or another (including breach of the contract implied in a warranty) and none is for a debt consisting of principal and interest, plaintiff's claim is, again, not within the reach of the statute. Moreover, defendant argues that use of the phrase "due on the contract" in paragraph (2)(a) contemplates a liquidated claim for a sum owed and for which a demand may be readily declared under subscetion (3), rather than for an unliquidated damages claim the amount of which would be fixed only after a completed factfinding process.

Defendant also argues that plaintiff's action is excluded because the statute applies only to actions in which the amount of the contract is $5,500 or less, and, although plaintiff claims only that amount in damages, his real damages, as found by the trial court, were considerably more.

This argument, in other words, is that ORS 20.082 does not encompass actions in which a plaintiff meets the damages limit only by "pleading down" as plaintiff did here.

■■    Several of those arguments do not withstand scrutiny. Although defendant's reading of subsection (1) so as to apply the qualifier "evidencing a debt" to all of the antecedent items including express and implied contracts is plausible, it is not the better reading. Under the so-called "Doctrine of the Last Antecedent," a grammar-based rule that limits the reach of a modifying phrase in cases such as this,

> "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is 'the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence.' Thus a proviso usually is construed to apply to the provision or clause immediately preceding it. * * * Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma."

*State v. Webb,* 324 Or 380, 386, 927 P2d 79 (1996) (quoting Norman J. Singer, 2A *Sutherland Statutory Construction* § 47.33, at 270 (5th ed 1992)) (footnotes omitted). In subsection (1), the phrase "evidencing a debt" is not separated from the antecedents by a comma. Thus, according to the last antecedent doctrine, the phrase "evidencing a debt" modifies only the immediately prior phrase "instruments or documents." Understood in that way, subsection (1) defines "contract" as a category that includes two broad and overlapping subcategories: "all express or implied contracts" and "instruments or documents evidencing a debt." Thus, at least insofar as subsection (1) is concerned, the statute covers implied and express contracts even if they do not "evidenc[e] a debt."

In addition to violating a "rule" of grammar that has been officially approved by the Supreme Court, defendant's interpretation of subsection (1) also strains logic. Under defendant's proposed construction, the statute would apply specifically to "implied contracts * * * evidencing a debt." The statute would therefore address a category of debt agreements implied from the conduct of relevant parties. Although

such a category might exist, construing the sentence as defendant urges produces a more forced result than reading it with the phrase "implied contracts" unmodified by the phrase "evidencing a debt."

Likewise, defendant's contention that the statute excludes claims that have been pleaded down is not convincing. The argument is based on the fact that other attorney fee statutes, considered as context for ORS 20.082, use the phrase "amount *pleaded*" to set the limiting principle. *See* ORS 20.080(1) (attorney fees for tort claims of $5,500 or less); ORS 20.098(1) (attorney fees for breach of warranty claims of $2,500 or less). According to defendant, the absence of that phrase in ORS 20.082, and the presence of the phrase "amount * * * *at the time the claim is filed*," create the inference that the drafters of the statute at issue here intended to fix the amount at issue based on some objectively determined value of the claim as opposed to what the plaintiff decided to ask for. That inference would require us both to adopt an awkward interpretation of the phrase used in ORS 20.082 and to impute intentionality to the difference between that phrase and the one used in the surrounding statutes. Although we could do that, we would be agreeing with an argument that, although plausible, is far-fetched.

That leaves defendant's argument that the statute's limitation to "claims based on contract if * * * [t]he amount of the principal together with interest due" is $5,500 or less cannot logically apply to a warranty claim, because such a claim does not consist of principal and interest, nor do amounts allegedly owed on a breach of warranty claim become "due." Plaintiff's response is that the full phrase is "principal together with interest due on the contract *at the time the claim is filed*." According to plaintiff, two more plausible readings of the phrase contradict defendant's interpretation:

> "First, the legislature may have wanted to make clear that the $5,500 cap applies to any interest being claimed, and not only to 'principal,' *if* the claim happens to be for a liquidated amount. Second, 'interest due . . . at the time the claim is filed' may have been intended to protect a claimant's right to recover attorney's fees even if, *after* filing, the accrual of interest (if the claim is one for interest as well as

'principal') pushes the value of the claim over the $5,500 cap."

(Emphasis in original.) As defendant's arguments discussed above are plausible but unlikely, so too is this argument by plaintiff. Had the legislature wanted to achieve the first meaning that plaintiff suggests, a much better way would have been to include, at the beginning of paragraph (2)(a), a phrase such as "For contracts for a sum certain, * * *." The second reading as well could have been achieved in a more economic and less ambiguous fashion. Defendant's interpretation simply makes more sense.

On the other hand, defendant offers no convincing refutation to plaintiff's arguments that the exceptions in paragraphs (5)(a) and (c) demonstrate that the statute's coverage is not limited to small debt-collection actions. Again, those provisions state that the statute does not apply to "(a) Contracts for insurance" or to "(c) Any action for damages for breach of an express or implied warranty in a sale of consumer goods or services that is subject to ORS 20.098." If the drafters of ORS 20.082 intended subsections (1) and (2) to limit the reach of the statute to actions for the collection of small debts that contain principal and interest, they would not have had to include paragraph (5)(a), because contracts for insurance would already have been excluded. Likewise, the drafters would not have needed paragraph (5)(c). Actions for damages for breach of warranty, like actions on an insurance contract, do not generally consist of principal and interest.

Further, the clear implication of excluding breach of warranty actions only if they are subject to ORS 20.098, that is, only if they are for less than $2,500, is that breach of warranty actions for amounts greater than $2,500 but not more than $5,500 *are not* excluded.

In sum, each party offers persuasive arguments in support its interpretation of ORS 20.082. Plaintiff offers convincing refutations of some of defendant's arguments but, regarding one of defendant's arguments, his refutation is only barely plausible. Defendant, too, offers some arguments that refute some of plaintiff's points, but one point—the existence of the exceptions in paragraphs (5)(a) and (c)—remains

unrefuted. Thus, plaintiff's interpretation appears, marginally, to be better. It cannot be denied, however, that each side offers a plausible interpretation.

We therefore turn to the legislative history. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

ORS 20.082 began as House Bill (HB) 2381 (2001). The bill was enacted in 2001 to address an inconsistency among Oregon circuit courts concerning whether recovery of fees in contract actions was permitted under ORS 20.080, a statute that authorizes fees to prevailing plaintiffs in small tort actions. The bill originated before the House Judiciary Subcommittee on Civil Law and was debated there before moving to the House Judiciary Full Committee. In its initial form, HB 2381 amended ORS 20.080 in order to extend the fee entitlement to small contract actions when the contract at issue did not have a fee provision. The author of the bill, Jim Markee, explained, "While most jurisdictions allow [ORS 20.080] to be used in contract cases, some do not. HB 2381 would change the law to allow ORS 20.080 to be used in *any contract case* where the amount pleaded is $5,500 or less." Testimony, House Judiciary Subcommittee on Civil Law, HB 2381, Feb 12, 2001, Ex H (statement of Jim Markee) (emphasis added). Markee apprised the House Judiciary Subcommittee on Civil Law that, by extending the entitlement to fees under ORS 20.080 to contract actions, that would "of course" include warranty cases. Tape Recording, House Judiciary Subcommittee on Civil Law, HB 2381, Feb 12, 2001, Tape 12, Side B (statement of Jim Markee).

The bill was later redrafted to authorize fees for a prevailing party, whether plaintiff or defendant, and to exclude several types of contracts in order to avoid conflict with existing statutes. Testimony, House Judiciary Committee, HB 2381, Apr 16, 2001, Ex G (statement of Jim Markee). The redrafted bill was designated as a separate statute to follow ORS 20.080, so that ORS chapter 20 would contain a pair of provisions permitting recovery of fees for cases in which the amount of damages was relatively small, one governing small tort cases and the other small contract cases. In the course of discussions concerning the amendments to the bill,

no testimony or legislator statements indicated that the bill was intended to limit fee entitlement to collections actions. Rather, the bill was repeatedly referred to as a counterpart to ORS 20.080.

One committee member requested the drafter to revise the initial draft so that a broad class of small contract actions would be covered, but overlap with other existing statutes would be minimized: "It's either all or nothing unless we've got some principled reason to start exempting classes of contracts." Tape Recording, House Judiciary Subcommittee on Civil Law, HB 2381, Feb 12, 2001, Tape 12, Side B (statement of Rep Lane Shetterly). Once the draft was modified to a version substantively the same as its present form, the author described its scope as applicable "in any contract case," aside from the enumerated exclusions in ORS 20.082(5). Tape Recording, House Judiciary Subcommittee on Civil Law, HB 2381, Apr 11, 2001, Tape 69, Side B (statement of Jim Markee). In response to a question from a committee member asking whether the statute would apply for actions in which a customer sues an auto mechanic for a faulty muffler repair, the bill's author replied that it would. Tape Recording, House Judiciary Subcommittee on Civil Law, HB 2381, Apr 11, 2001, Tape 69, Side B (exchange between Rep Charlie Ringo and Jim Markee).

Again, when the bill was deliberated in the Senate Judiciary Committee, Markee did not state that qualifying contracts would be limited to those that evidence debts and include principal and interest terms. Tape Recording, Senate Judiciary Committee, HB 2381, May 14, 2001, Tape 135, Side B (statement of Jim Markee). There was no testimony in opposition to the final version of the bill. At the third reading on the Senate floor, Senator Verne Duncan presented the bill as a mechanism to allow fees to prevailing parties in small contract actions, again likening it to the provision in ORS 20.080 for small tort cases. Tape Recording, Senate Floor Proceedings, HB 2381, June 5, 2001, Tape 209, Side A (statement of Sen Verne Duncan).

In sum, HB 2381 was repeatedly characterized as an effort to enable fee recovery for small contract actions in all Oregon circuit courts, in order to remedy the disparity caused

by the willingness of only some courts to allow such fees under the fee authorization for small tort cases. No legislator or witness characterized the bill as limited to actions on contracts with principal and interest terms. The members of the committee in which the bill originated were apprised by its author that it would apply in breach of contract actions for services, as well as warranty actions. Based on the entire legislative record, we conclude that HB 2381 is a statute that the drafters and enactors intended to provide for attorney fees in a variety of small contract cases just as its parallel, ORS 20.080, applies a variety of small tort cases.

That conclusion, in turn, leads us to reason that when the legislature set the limit for qualifying contract actions to those claiming no more than $5,500 on the "amount of the principal together with interest due," the legislature did not intend to limit the qualifying actions only to contracts that include principal and interest terms. Rather, the fee entitlement is available to the prevailing party "on *any* claim based in contract," as long as the amount claimed at the time of filing does not exceed $5,500, unless the contract specifies otherwise. According to the understanding of the House Judiciary Subcommittee on Civil Law, such claims include warranty and breach of contract actions not otherwise excluded in paragraph (5), and so we understand the phrase "due on the contract" to include damages for breach of warranty and breach of contract claims. Because plaintiff's claims qualify under that interpretation of ORS 20.082, and because he prevailed, the trial court did not err in awarding reasonable attorney fees to him.

Affirmed.