Argued and submitted December 12, 2008, affirmed April 29, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM JOEL FERGUSON,
*Defendant-Appellant.*

Jackson County Circuit Court
000666FE; A138108

206 P3d 1145

Jesse Wm. Barton argued the cause and filed the brief for appellant.

Cecil A. Reniche-Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant was convicted of delivery of a controlled substance and possession of a controlled substance, *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005). He appeals the trial court's judgment revoking his probation and sentencing him to incarceration terms of 21 months and six months, respectively, for those offenses. Specifically, defendant takes issue with the 21-month sentence on the conviction for delivery of a controlled substance, arguing that the court erred in concluding that it had authority to impose the sentence authorized by OAR 213-010-0002(2) and ORS 137.545(5)(b), because ORS 137.593(2)(d) impliedly repealed both the guidelines provision and the provision of ORS 137.545(5)(b) on which the court relied. As explained below, we conclude that ORS 137.593(2)(d) simply allows a court, when revoking probation, to retain authority under some circumstances to require the defendant to serve a period of incarceration as part of the sentence imposed. We therefore affirm the judgment.

Defendant's conviction for delivery of a controlled substance was classified in grid block 8G of the sentencing guidelines. Under the guidelines, the court had the authority to sentence defendant to a presumptive term of incarceration of 21 to 22 months, or, upon making certain findings, to impose a lesser "optional probation" sentence pursuant to OAR 213-005-0006. The court imposed the "optional probation" sentence. Thereafter, defendant violated the conditions of probation, and the court revoked probation and imposed the presumptive 21-month prison term.

On appeal, defendant argues that, although ORS 137.545(5)(b) and OAR 213-010-0002(2) explicitly authorize the sentence that the court imposed in the present case, that statute and rule have been impliedly repealed by the enactment of ORS 137.593(2)(d). According to defendant, ORS 137.593(2)(d) mandates that, whenever a court revokes probation, it may require a defendant to be sentenced only up to180 days of incarceration.

When an offender receives an optional probationary sentence imposed pursuant to OAR 213-005-0006, such as the sentence that defendant received in this case,

> "the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially, if the presumptive prison term exceeds 12 months. For those presumptive prison terms 12 months or less, the sentence upon revocation shall be to the supervisory authority, up to the maximum presumptive prison term."

OAR 213-010-0002(2). In the present case, the trial court relied on that rule, as well as ORS 137.545(5)(b) (providing that, upon revocation of probation, the court may impose a sanction as provided by the sentencing guidelines rules), to impose the presumptive guidelines sentence on revocation of probation.

As explained below, we conclude that defendant has taken the phrase "serve a period of incarceration not to exceed 180 days" from ORS 137.593(2)(d) out of context. When it is read in context, that statute may be reconciled with the provision of OAR 213-010-0002(2) that authorizes the court, on revocation of that probation, to sentence a defendant whose probation was imposed pursuant to OAR 213-005-0006 to the maximum presumptive prison term that could have been imposed initially.

■■ We begin with the text and context of the pertinent statutes and administrative rule. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We view the text in context, keeping in mind maxims of statutory construction that bear directly on the reading of the text. *Id.* at 611 (first level of statutory construction includes "rules of construction that bear directly on the interpretation of the statutory provision in context"). One such maxim is that, "[i]f earlier and later statutes are in irreconcilable conflict, then the earlier must yield to the later by implied repeal" or amendment. *Anthony et al. v. Veatch et al.*, 189 Or 462, 481, 220 P2d 493 (1950), *appeal dismissed*, 340 US 923 (1951). However, implied repeal "is not favored and must be established by plain, unavoidable, and irreconcilable repugnancy between the prior and subsequent statutes." *City of Lowell v. Wilson*, 197 Or App 291, 309, 105 P3d 856, *rev den*, 339 Or 406 (2005) (internal quotations marks omitted).

Defendant maintains that, although implied repeal is disfavored, in this instance, there is unavoidable conflict between the provision of OAR 213-010-0002(2)[1] and ORS 137.593(2)(d) and that the statute, having been enacted after the adoption of the rule,[2] must be given effect. The foundation of defendant's argument is that the "presumptive prison term" described in OAR 213-010-0002(2), at least insofar as it applies to offenders such as defendant who have received optional probation pursuant to OAR 213-005-0006(1), will be up to 16 to 22 months, which is greater than the 180 days prescribed by ORS 137.593(2)(d). Thus, according to defendant, a court, upon revoking probation for an offender sentenced to optional probation pursuant to OAR 213-005-0006(1), may not impose a sentence of up to 16 to 22 months as authorized by OAR 213-010-0002(2), but instead may only require the offender to serve a period of incarceration not to exceed 180 days pursuant to ORS 137.593(2)(d).

We first consider defendant's assertion that there is an irreconcilable conflict between the terms of OAR 213-010-0002(2) and ORS 137.593(2)(d). OAR 213-010-0002(2) provides that, on revocation of probation under the circumstances at issue here, *"the sentence"* shall be *"a prison term* up to the maximum presumptive prison term which could have been imposed initially." (Emphasis added.) Thus, that rule contemplates that a judge, upon revoking an offender's probation, shall "sentence" the offender to an amount up to a "presumptive prison term." ORS 137.593(2)(d), on the other hand, does not refer either to a "sentence" or to a "prison

---

[1] For the sake of simplicity, we refer primarily to the guidelines rule throughout this opinion. We recognize, as do the parties, that defendant's argument encompasses ORS 137.545(5)(b) as well, because it provides explicit authority for the court to impose the guidelines sanction on revocation of probation.

[2] Defendant posits that the enactment of the pertinent provision of ORS 137.593(2) in 1995 must be given effect because OAR 213-010-0002 was "created in 1989 and [has] never been substantively amended" by the legislature. *See generally State v. Langdon*, 330 Or 72, 74, 999 P2d 1127 (2000) (because sentencing guidelines are submitted to the legislature for approval pursuant to ORS 137.667, they have the force of statutes). We accept defendant's contention for the sake of argument, but note that OAR 213-010-0002 appears to have been significantly amended since its original adoption and after the passage of ORS 137.593. *See State v. Francis*, 154 Or App 486, 962 P2d 45, *rev den*, 327 Or 554 (1998) (holding that the legislature's amendment of statutory provision that had been held to be impliedly repealed "has the effect of reviving and reenacting" the provision that had been impliedly repealed).

term." Rather, it allows a court, as a sanction for revocation of probation, to *"require an offender to serve a period of incarceration* not to exceed 180 days[.]" (Emphasis added.) In defendant's view, ORS 137.593(2)(d) means that a court, upon revocation of optional probation imposed pursuant to OAR 213-005-0006(1), may impose a sentence of only 180 days' incarceration, or six months, rather than the prison term of up to 16 to 22 months authorized by OAR 213-010-0002(2).

■     Defendant's proposed construction is inconsistent with a maxim of construction that bears on the reading of statutory text in context: If the legislature uses the same term in related statutes, the court infers that the term has the same meaning in those statutes, *PGE*, 317 Or at 611; conversely, if the legislature uses different terms in such statutes, we will assume "that the legislature intends different meanings." *Dept. of Transportation v. Stallcup*, 341 Or 93, 101, 138 P3d 9 (2006) (citing *State v. Keeney*, 323 Or 309, 316, 918 P2d 419 (1996)). Thus, even before we examine the plain meaning of the terms involved, we conclude that defendant's argument suffers a significant difficulty; it assumes that different terms (that is, "period of incarceration" in ORS 137.593(2)(d) and "sentence" in OAR 213-010-0002(2)) used in contextually related statutes and rules have the same meaning.

■     Sentences under the guidelines are "classified in [a] grid block by the combined effect of the crime seriousness ranking of the current crime of conviction and the offender's criminal history or a sentence designated as a presumptive sentence by statute." OAR 213-003-0001(16). The guidelines grid provides for both probationary sentences and sentences that require periods of incarceration. OAR 213-005-0001(2) provides that "[t]erms of incarceration 12 months or less shall be served at the direction of the supervisory authority" but "[t]erms of incarceration greater than 12 months shall be served in the legal and physical custody of the Department [of Corrections]." The "supervisory authority," in turn, is defined as the "corrections agency or official designated in each county by that county's Board of County Commissioners or county court to operate corrections supervision services, custodial facilities, or both." OAR 213-003-0001(19). In short, a term of incarceration may be served either in the custody of

the Department of Corrections, *e.g.*, in a prison, or in the custody of a county supervisory authority. In the latter circumstance, ORS 423.478(3) provides:

> "Notwithstanding the fact that the court has sentenced a person to a term of incarceration, when an offender is committed to the custody of the supervisory authority of a county under ORS 137.124(2) or (4), *the supervisory authority may execute the sentence by imposing sanctions other than incarceration* if deemed appropriate by the supervisory authority."[3]

(Emphasis added.) *See also* OAR 213-005-0011(4) (containing identical provision). Thus, an offender who has been sentenced to a "term of incarceration" under the guidelines may, in fact, if that person is committed to the custody of a county supervisory authority *rather than* the Department of Corrections, ultimately receive "sanctions *other than* incarceration" if the supervisory authority deems it appropriate. (Emphasis added.)

An offender serving a probationary term for a guidelines felony may either be sanctioned for probation violations or have his or her probation *revoked*. *See* ORS 137.545. ORS 137.593, on which defendant relies, contains relevant provisions concerning what happens after a probation violation has been established:

> "(1) Except as otherwise provided in subsection (2) of this section, when a court * * * sentences a defendant to probation under the rules of the Oregon Criminal Justice Commission and orders a defendant placed under the supervision of the Department of Corrections or a county community corrections agency, the Department of Corrections or the county community corrections agency shall impose structured, intermediate sanctions for the violation of conditions of probation in accordance with rules adopted under ORS 137.595. Under no circumstances may

---

[3] ORS 137.124(2)(a) similarly provides:

"If the court imposes a sentence upon conviction of a felony that includes a term of incarceration that is 12 months or less, the court shall commit the defendant to the legal and physical custody of the supervisory authority of the county in which the crimes of conviction occurred."

ORS 137.124(2)(b) and (4) contain provisions that are not pertinent to the issue before us in this case.

the Department of Corrections or a county community corrections agency revoke probation.

"(2)   Notwithstanding ORS 137.124 and 423.478 and any other provision of law, *the sentencing judge shall retain authority*:

"(a)   *To revoke probation* and receive recommendations regarding revocation of probation from the supervising officer made in accordance with rules adopted under ORS 137.595;

"(b)   To determine whether conditions of probation have been violated and to impose sanctions for the violations if the court, at the time of sentencing, states on the record that the court is retaining such authority;

"(c)   To cause a probationer to be brought before the court for a hearing upon motion of the district attorney or the court's own motion prior to the imposition of any structured, intermediate sanctions or within four judicial days after receiving notice that a structured, intermediate sanction has been imposed on the probationer pursuant to rules adopted under ORS 137.595 and to revoke probation or impose such other additional sanctions or modify the conditions of probation as authorized by law; *and*

"(d)   *To impose and require an offender to serve a period of incarceration not to exceed 180 days as a sanction for revocation of probation.*

"(3)   In no case may the sentencing judge cause a probationer to be brought before the court for a hearing and revoke probation or impose other or additional sanctions after the probationer has completed a structured, intermediate sanction imposed by the Department of Corrections or a county community corrections agency pursuant to rules adopted under ORS 137.595."

(Emphasis added.)

To summarize, when an offender serving a probationary sentence for a felony violates probation, the offender may receive structured intermediate sanctions from the agency supervising his or her probation. ORS 137.593(1). *Alternatively*, an offender who violates probation may have his or her probation revoked by the sentencing judge, ORS

137.593(2)(a), but only if no structured intermediate sanctions have already been completed for the violation. ORS 137.593(2)(c), (3). Moreover, the court retains authority to revoke probation and impose a sentence of incarceration "*[n]otwithstanding* ORS 137.124 and 423.478 and any other provision of law." ORS 137.593(2). As discussed above, 228 Or App at 6-7, ORS 137.124(2) provides that a defendant sentenced to a term of incarceration of 12 months or less is committed to the supervisory authority of the county; ORS 423.478(3), in turn, provides that the supervisory authority of the county may, regardless of the fact that the court has imposed a term of incarceration, choose to "execute the sentence by imposing sanctions *other than incarceration* if deemed appropriate by the supervisory authority." (Emphasis added.) It is in *that* relevant context that we view the language of ORS 137.593(2)(d) on which defendant relies.

Nevertheless, defendant proposes to read the language, "*[n]otwithstanding* ORS 137.124 and 423.478 and *any other provision of law*" from ORS 137.593(2) as limiting what a court can do on revocation of probation to "requir[ing] an offender to serve a period of incarceration not to exceed 180 days" under ORS 137.593(2)(d). Defendant's reading is not plausible. The "[n]otwithstanding * * * any other provision of law" phrase qualifies the phrase immediately following it: "Notwithstanding ORS 137.124 and 423.478 and any other provision of law, the sentencing judge *shall retain* authority" to do a number of things specified in the subsections of that statute. As discussed above, ORS 137.124 and ORS 423.478 place certain limitations on what sentencing courts can do, in terms of where or how an offender will serve the sentence imposed. Thus, notwithstanding those statutes (or "any other provision of law") that place limitations on a court's sentencing authority, ORS 137.593(2) allows the court to "retain" authority to do certain things. Consequently, the proper reading of ORS 137.593(2) is that it allows the court to retain authority to do certain things upon revocation of probation that otherwise would be prohibited by other sources of law. It does not, as defendant would have it, deprive the court of its ability to impose a sentence on revocation of probation that is specifically permitted by other sources of law. So understood, then, ORS 137.593(2)(d) does not irreconcilably conflict with

(and therefore repeal) OAR 213-010-0002(2), which, again, authorizes the court to impose up to the maximum presumptive sentence that could have been imposed initially upon revocation of optional probation.

Considered in that light, ORS 137.593(2)(d) means that, when the court revokes probation for a person who is the responsibility of a county supervisory authority, the court retains authority to *require* up to 180 days of incarceration, thus overriding the authority that the county otherwise may have under ORS 423.478 to execute the sentence by means of sanctions other than incarceration.

This interpretation of the relevant statutes in context gives effect to each provision; moreover, it does not require that different terms be given the same meaning. As discussed, defendant's argument rests on the notion of "implied repeal" of OAR 213-010-0002(2) and ORS 137.545(5)(b), but implied repeal "must be established by plain, unavoidable, and irreconcilable repugnancy between the prior and subsequent statutes." *City of Lowell*, 197 Or App at 309. Here, we do not find an unavoidable or irreconcilable repugnancy; instead, when viewed in context, each provision can be given full meaning and effect. Accordingly, we reject defendant's implied repeal argument and affirm his sentence.

Affirmed.