**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES RANDY ALLEN,<br><br>        Petitioner - Appellant,<br><br>v.<br><br>BRIAN BELLEQUE,<br><br>        Respondent - Appellee. | No. 07-35860<br><br>D.C. No. CV-05-00436-MO<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Oregon state prisoner James Randy Allen appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

pursuant to 28 U.S.C. § 2253, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Allen contends that the Oregon Board of Parole and Post-Prison Supervision violated the *ex post facto* clause of the United States Constitution when, in 2003, it retroactively applied Or. Rev. Stat. § 163.115(5)(c) to (e) (1999) to set a parole hearing for Allen, to be held after he serves the 25-year mandatory minimum sentence under § 163.115(5)(b). Specifically, Allen contends that at the time of his offense and sentencing, the sentence for murder under Oregon law was a determinate term of 25 years to be followed by lifetime post-prison supervision. This claim fails because, under Oregon law, the sentence for murder at the time of Allen's offense was an indeterminate life sentence with a 25-year mandatory minimum. *See State v. Francis*, 962 P.2d 45, 47 (Or. App. 1998) (holding that 1995 amendments to § 163.115(5)(a) had the effect of reinstating the indeterminate life sentence for murder); *see also State v. Haynes*, 7 P.3d 623, 624 (Or. App. 2000).

To the extent Allen challenges the Oregon courts' interpretation of Oregon state law, such a claim is not cognizable on federal habeas review. *See, e.g., Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).

Because Allen was not disadvantaged by the application of the 1999 amendments, *see Miller v. Florida*, 482 U.S. 423, 430 (1987), the Oregon Court of Appeals' decision denying his *ex post facto* claim was not contrary to, or an

unreasonable application of, clearly established Supreme Court precedent.  *See* 28

U.S.C. § 2254(d)(1).

.      **AFFIRMED.**