Argued and submitted April 15, 2010, supplemental judgment vacated and remanded February 23, 2011

Arturo CARRILLO
and Maria Carrillo,
*Plaintiffs-Appellants,*

*v.*

CITY OF STANFIELD,
an Oregon municipal corporation,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV060246; A141066

255 P3d 491

Gary Luisi argued the cause for appellants. With him on the briefs were Eli D. Stutsman and Monica L. Finch.

Thomas J. Creasing argued the cause for respondent. With him on the brief was Kuhn & Spicer.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiffs filed two claims for relief against defendant, stating separate claims for overcharges for water and sewer services. The trial court entered a judgment awarding $3,823.50, plus prejudgment interest, for the water services overcharge claim and $5,688.00, plus prejudgment interest, for the sewer services overcharge claim. The court then entered a supplemental judgment denying plaintiffs' attorney fees request under ORS 20.082 (2005), *amended by* Oregon Laws 2009, chapter 487, section 5, a statute that allows prevailing party attorney fees "on any claim based on contract" if the principal and interest "due on the contract at the time the claim is filed is $5,500 or less."[1]

Plaintiffs appeal the supplemental judgment. Plaintiffs argue that the trial court erred in denying them attorney fees on their first claim for relief because the trial court improperly aggregated the amount awarded on both of plaintiffs' claims, resulting in an amount that exceeded the statutory cap of $5,500. Plaintiffs contend that ORS 20.082 does not require the aggregation of all claims raised in the underlying pleading and that attorney fees are allowed on any claim for an amount due on a contract of $5,500 or less. Defendant responds that the trial court correctly concluded that, when separate claims in a complaint arise from the same set of operative facts, the claims must be aggregated in determining whether the statutory cap of ORS 20.082 has been exceeded. Defendant would have us interpret ORS 20.082 in the same manner as ORS 20.080 (2005), *amended by* Oregon Laws 2009, chapter 487, sections 1 and 3.[2] ORS

---

[1] The 2009 amendments to ORS 20.082 do not apply to any action on a contract filed before January 1, 2010. Or Laws 2009, ch 487, § 6(2). Plaintiffs filed suit on February 23, 2006; accordingly, the 2009 amendments are inapplicable, and we refer throughout this opinion to the 2005 version of ORS 20.082, which provides, in part:

"(2) Except as provided in this section, a court shall allow reasonable attorney fees to the prevailing party on any claim based on contract if:

"(a) The amount of the principal together with interest due on the contract at the time the claim is filed is $5,500 or less; and

"(b) The contract does not contain a clause that authorizes or requires the award of attorney fees."

[2] The 2009 amendments to ORS 20.080 do not apply to any action filed before January 1, 2010. Or Laws 2009, ch 487, §§ 2(2), 4(3). Therefore, they are

20.080 allows attorney fees to a successful plaintiff in a tort case "where the amount pleaded is $5,500 or less." For the reasons explained below, we vacate the supplemental judgment and remand for further proceedings.

Plaintiffs brought two claims against defendant: the first for relief from overcharges for water service and the second for relief from overcharges for sewer service. Each claim was based on alternative theories of recovery: breach of implied warranty and breach of implied contract. The first claim for relief (water service) alleged damages of $3,818.25 plus interest at the statutory rate; the second claim for relief (sewer service) alleged damages of $5,521.75 plus interest at the statutory rate. Plaintiffs alleged an entitlement to attorney fees only on the water service claim.

After trial *de novo* following arbitration, the trial court found in plaintiffs' favor and, in a written opinion by Judge Wallace, awarded plaintiffs relief on both claims and attorney fees on the water service claim. Thereafter, the trial court issued findings of fact and conclusions of law, in which it found:

"4. In March 1996, Plaintiffs agreed to purchase water service from defendant and defendant agreed to sell water service to plaintiffs, subject to the terms and conditions of its ordinances and resolutions, and defendant opened a water account in the name of the plaintiffs.

"* * * * *

"12. Between January 1999 and May 2005, defendant overcharged plaintiffs in the total amount of $3,823.50 for water service and plaintiffs overpaid defendant that amount.

"* * * * *

"17. In March 1996, Plaintiffs agreed to purchase sewer service from defendant and defendant agreed to sell sewer

---

inapplicable, and we refer throughout this opinion to the 2005 version of ORS 20.080, which provides, in part:

"(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action[.]"

service to plaintiffs, subject to the terms and conditions of its ordinances and resolutions, and defendant opened a sewer account in the name of the plaintiffs.

"* * * * *

"23. Between January 1999 and May 2005, defendant overcharged plaintiffs in the total amount of $5,688.00 for sewer service and plaintiffs overpaid defendant that amount."

Plaintiffs subsequently submitted a proposed judgment that included an award of attorney fees, to which defendant objected. Thereafter, the case was referred to Judge Hill, who entered a general judgment disposing of the merits of each claim and reserving the issue of attorney fees. Ultimately, the court reconsidered the attorney fees issue and issued a memorandum decision that denied attorney fees under ORS 20.082. In that memorandum, the court noted:

"Both claims for relief, pleading in the alternative, make[ ] claims in contract under common facts contractually on the same date(s). *Based on the court's findings and conclusions, it appears that the court accepts that water and sewer are essentially separate contracts.* Moreover, while sewer is billed based on water use, sewer presumably could be obtained separately for those with a Well."

(Emphasis added.) The court explained:

"Plaintiff argues * * * that 'the legislature's intent is clear from inquiry into the text and context of ORS 20.082, it is not necessary to move to the second level of analysis and consider legislative history to inform the court's inquiry into legislative intent as discussed in [McGarry v. Hansen, 201 Or App 695, 120 P3d 525 (2005), rev den, 340 Or 359 (2006)].' To follow this route of thinking, however, is to ignore precedent or implicit direction of the court of appeals, as established in McGarry. Moreover, if the legislature intended to allow stacking of claims, each of less than $5500.00, yet the total of the complaint exceeding or greatly exceeding that amount in the overall amounts sought, to be subject to ORS 20.082, then the legislature should have been more clear. The court further notes that McGarry has been out with at least one full intervening legislative session without any apparent effort to clarify the statute in a different direction.

> "Thus, the law is that if you file multiple claims in one action or suit, and without other attorney fee basis, and it exceeds the demand allowance under ORS 20.080 or 20.082 then the litigant cannot obtain attorney fees, yet if the claims are under facts which would allow the separate filing of such, then the plaintiff may separate the claims, and potentially recover in separate actions attorney fees in one action, even if the two actions are later consolidated for hearing or trial. * * * In this case, * * * I find that plaintiff[s] having filed an action in excess of the $5500 limit, especially under the same operative facts, that the attorney fees award under ORS 20.082 cannot apply."

(Emphasis omitted; emphasis added; underscoring in original.) The trial court concluded that plaintiffs' attorney fees request "[was] denied upon reconsideration based on the aggregation of the two claims in one complaint exceeding the $5500 threshold limit of the statute." The supplemental judgment reiterates that denial.[3]

On appeal, the gravamen of plaintiffs' argument is that the text and context of ORS 20.082 demonstrate that the legislature intended to allow an award of attorney fees on any claim for an amount due on a contract of $5,500 or less, without aggregating all claims in the pleading. Initially, defendant responds that we analyzed the essential issues raised in this appeal in *McGarry*. Defendant, however, acknowledges that *McGarry* does not resolve the aggregation of claims issue involved in this case "except to the extent that it establishes the link between [ORS 20.082 and ORS 20.080]." Ultimately, defendant contends that, because ORS 20.080 does not allow "breaking down a single claim into separate causes of action to qualify for attorney fees," ORS 20.082 likewise "must be read to require that all claims in a single complaint, if arising out of a common set of operative facts, should not exceed $5,500.00."

■ ■ Whether ORS 20.082 requires the aggregation of the amount due on all claims in an underlying pleading is a

---

[3] The trial court, in the supplemental judgment, awarded plaintiffs attorney fees on both their claims pursuant to ORS 36.425 because defendant, which had requested the trial *de novo* following arbitration, did not improve its position following trial. ORS 36.425(5)(a) limited that award of fees to an amount equivalent to 20 percent of the judgment. Given our disposition, that award may need to be reconsidered on remand.

question of statutory interpretation, which is a question of law. *See Karjalainen v. Curtis Johnston & Pennywise, Inc.*, 208 Or App 674, 681, 146 P3d 336 (2006), *rev den*, 342 Or 473 (2007) (providing that the interpretation of a statute "always is a question of law"). When construing a statute, our goal is to ascertain the intent of the legislature by examining the statute's text and context, along with any relevant legislative history, and, if necessary, resort to relevant cannons of statutory construction. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

■    ORS 20.082, which generally allows attorney fees in low-value contract cases, provides, in part:

> "(2)    Except as provided in this section, a court shall allow reasonable attorney fees to the prevailing party on *any claim based on contract* if:

> "(a)    The amount of the principal together with interest due on *the contract* at the time the claim is filed is $5,500 or less; and

> "(b)    *The contract* does not contain a clause that authorizes or requires the award of attorney fees."

(Emphases added.) Under the statute, reasonable attorney fees are available on "any claim based on contract" on which a party prevails, if certain other limiting conditions are met. In particular, ORS 20.082(2)(a) limits recovery of fees to only those instances where "[t]he amount * * * due on the contract at the time the claim is filed" is less than the statutory cap. Because the text of subsection (2)(a) refers to "the contract"—a singular noun prefaced by the definite article "the"—we conclude that the legislature intended the allowance of attorney fees under ORS 20.082 to apply when the amount due on one particular contract is less than the statutory cap at the time the claim is filed. *See State v. Branam*, 220 Or App 255, 260, 185 P3d 557, *rev den*, 345 Or 301 (2008) ("The fact that the legislature used the definite article 'the' and the singular form of the noun 'sentence' suggests that it intended the requirements in ORS 137.225(1)(a) to apply to only one particular sentence."). The subsequent reference in ORS 20.082(2)(b) to "[t]he contract" reinforces that conclusion.

Whether a trial court is required to aggregate claims in determining whether to allow attorney fees, therefore, depends on the number of particular contracts in any given case. Thus, where multiple claims for relief are based on *the same* contract, those claims must be aggregated. However, where multiple claims for relief are based on *separate* contracts, aggregation is unnecessary—indeed, it is inapplicable.

The statutory context supports that understanding of the meaning of ORS 20.082. In particular, ORS 20.080, which generally allows attorney fees in low-value tort cases, provides, in part:

> "(1)   *In any action* for damages for an injury or wrong to the person or property, or both, of another where *the amount pleaded* is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action[.]"

(Emphases added.) Oregon courts have consistently required that, to obtain attorney fees in a tort case under ORS 20.080, the total, aggregated amount demanded in the original pleading must be less than the statutory cap. *See, e.g., Johnson v. White*, 249 Or 461, 464, 439 P2d 8 (1968) (denying attorney fees because the "total demand" in the pleading exceeded the statutory cap); *Wyatt v. Sweitz*, 146 Or App 723, 734, 934 P2d 544, *rev dismissed*, 326 Or 63 (1997) (denying attorney fees because the "total demand" in the original complaint exceeded the statutory cap).

ORS 20.082, however, does *not* refer to "the amount pleaded"; rather, it refers to "[t]he amount * * * due on the contract at the time the claim is filed." We have explained before that, "[i]f the legislature uses the same term in related statutes, the court infers that the term has the same meaning in those statutes, *PGE*, 317 Or at 611; conversely, if the legislature uses different terms in such statutes, we will assume 'that the legislature intends different meanings.' " *State v. Ferguson*, 228 Or App 1, 6, 206 P3d 1145 (2009) (quoting *Dept. of Transportation v. Stallcup*, 341 Or 93, 101, 138 P3d 9 (2006) (citing *State v. Keeney*, 323 Or 309, 316, 918 P2d 419

(1996)))). Accordingly, we infer that the legislature intended the phrase "[t]he amount * * * due on the contract at the time the claim is filed" to mean something different than the phrase "the amount pleaded."

Defendant relies on our discussion of the legislative history of ORS 20.082 in *McGarry* to suggest otherwise. The issue in *McGarry* was whether a plaintiff could meet the statutory cap of ORS 20.082 by "pleading down" his amount of requested relief under a contract. 201 Or App at 699. We ultimately determined that it is the amount claimed by the prevailing party at the time of filing, and not some objectively determined value, which controls the authorization of fees. *Id.* at 700, 704. In reaching that determination, however, we examined the legislative history of ORS 20.082. We explained:

> "ORS 20.082 began as House Bill (HB) 2381 (2001). The bill was enacted in 2001 to address an inconsistency among Oregon circuit courts concerning whether recovery of fees in contract actions was permitted under ORS 20.080, a statute that authorizes fees to prevailing plaintiffs in small tort actions. The bill originated before the House Judiciary Subcommittee on Civil Law and was debated there before moving to the House Judiciary Full Committee. In its initial form, HB 2381 amended ORS 20.080 in order to extend the fee entitlement to small contract actions when the contract at issue did not have a fee provision. The author of the bill, Jim Markee, explained, 'While most jurisdictions allow [ORS 20.080] to be used in contract cases, some do not. HB 2381 would change the law to allow ORS 20.080 to be used in any contract case where the amount pleaded is $5,500 or less.' Testimony, House Judiciary Subcommittee on Civil Law, HB 2381, Feb 12, 2001, Ex H (statement of Jim Markee) * * *."

*McGarry*, 201 Or App at 702 (emphasis omitted). We also went on to note that HB 2381 was later redrafted and designated as a separate statute. *Id.*

To be clear, HB 2381, as introduced, would have amended ORS 20.080(1) to allow attorney fees "[i]n any action based on contract or tort in which the amount pleaded is $5,500 or less." The later amended version of the bill, however, provided for a new statute in which attorney fees would

be allowed "on any claim based on contract" if "[t]he amount * * * due on the contract at the time the claim is filed is $5,500 or less." It is that amended version of the bill that the legislature ultimately enacted. We infer that the legislature intended, by its choice of different phrasing, a different meaning for the new statute.

The pertinent inquiry to be decided in this case, therefore, is not whether plaintiffs' claims arise out of the "same operative facts," which was the inquiry that the trial court focused on in denying plaintiffs' request for attorney fees under ORS 20.082. Rather, the pertinent inquiry is whether plaintiffs' claims are based on separate contracts or on the same contract. Because the trial court did not make a determination on that issue, we decline to do so in the first instance. *See Lewis v. Beyer*, 235 Or App 367, 370-71, 232 P3d 980 (2010) (because the trial court provided no findings or explanation to support its award of attorney fees, remand was necessary to allow the trial court to make the findings necessary for meaningful appellate review); *Bruce v. Cascade Collections, Inc.*, 199 Or App 59, 72, 110 P3d 587, *rev den*, 339 Or 66 (2005) (because the trial court improperly based its denial of computer-assisted research expenses as a component of attorney fees on Oregon law, rather than the federal fees-authorizing statute, "affirmance or reversal of the trial court's ruling regarding the recoverability of [such] expenses [was] problematic"; rather, "the best disposition [was] to vacate the supplemental judgment in its entirety, permitting the trial court on remand to reconsider its denial of computer research expenses in light of any additional arguments and amendments to the petition that the court elects to entertain").[4]

Supplemental judgment vacated and remanded.

---

[4] We note that the trial court stated in the memorandum decision on reconsideration regarding attorney fees that, "[b]ased on the court's findings and conclusions, it appears that the court accepts that water and sewer are essentially separate contracts." Plaintiffs characterize that statement as a "ruling" by the trial court. We disagree; the only "ruling" before us on appeal is the denial of attorney fees under ORS 20.082. Rather, the trial court's statement, made by Judge Hill, is merely its interpretation of the court's earlier findings and conclusions, made by Judge Wallace. At best, those earlier findings are ambiguous and do not squarely address whether there are separate contracts in this case.