Argued and submitted February 26, affirmed April 21, reconsideration denied
June 16, petition for review denied July 27, 1993 (317 Or 272)

## STATE OF OREGON,
*Respondent,*

*v.*

## JESUS EDGAR PEREZ,
*Appellant.*

(91-02100CR, 91-01159CR, 91-02067CR;
CA A72295 (Control), A72349, A72350)
(Cases Consolidated)

851 P2d 617

Alan H. Biedermann, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was convicted of delivery of a controlled substance (DCS) and possession of a controlled substance (PCS).[1] ORS 475.992. He demurred to the indictment on the ground that the offenses charged in the indictment were barred by the *ex post facto* provisions of the Oregon and federal constitutions. The court overruled the demurrer, and defendant appeals. We affirm.

The offenses were committed on January 9, 1991. Defendant was originally indicted under the "scheme or network" offense subcategory language of the sentencing guidelines. OAR 253-04-002(3), Appendix 4. On February 6, 1991, we held that the "scheme or network" language was unconstitutionally vague. *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). In response to *Moeller*, the legislature enacted a new sentencing scheme for drug offenses in Oregon Laws 1991, chapter 690, which is codified at ORS 475.996. It establishes the requirements for classifying violations of ORS 475.992 in different crime seriousness categories. The legislation became effective July 25, 1991.

Under the original "scheme or network" offense subcategory, a DCS conviction was enhanced from a crime seriousness category 4 to a category 8 offense; a PCS conviction was enhanced from a category 1 to a category 6. Under Oregon Laws 1991, chapter 690, DCS is classified as a category 8 crime if it involves a "substantial quantity" of a controlled substance or if it is a "commercial drug offense," as defined by the law. Possession of more than the described quantity of seven listed controlled substances is classified as a category 6 offense. In the absence of these offense subcategories, a controlled substance felony under ORS 475.992 is classified as category 4 if it involves delivery or category 1 if it involves possession only.

The state moved to dismiss the original indictment that alleged that defendant's acts were part of a "scheme or network." It then re-indicted him under offense subcategory provisions of the newly enacted statute, charging that the

---

[1] Defendant challenges only his conviction and sentence in CA A72350.

offenses were "commercial drug offenses" and involved a "substantial quantity" of a controlled substance.[2]

An *ex post facto* law is

"one that retroactively applies to events that occurred before the law was enacted. It criminalizes acts that were lawful when committed or makes an act a greater crime than when it was committed, changes the elements of the crime or deprives the defendant of a defense, permits conviction on lesser or different evidence than was previously required or increases the quantum of punishment for the crime." *State v. Burke*, 109 Or App 7, 11, 818 P2d 511 (1991), *rev den* 312 Or 589 (1992).

Defendant's argument is that, until the effective date of Oregon Laws 1991, chapter 690, there was no constitutionally valid category 8 crime of DCS or category 6 crime of PCS. According to defendant, the effect of the 1991 enactment was to create those crimes for the first time. Therefore, as applied to him, the 1991 legislation is an *ex post facto* provision, because it makes his acts greater crimes than when committed and increases the quantum of punishment.

■    The *ex post facto* clause of Article I, section 21, of the Oregon Constitution is applied similarly to the *ex post facto* clause of the federal constitution. *See State v. Gallant*, 307 Or 152, 764 P2d 920 (1988); *State v. Wille*, 115 Or App 47, 839 P2d 712 (1992), *rev allowed* 315 Or 311 (1993). The Supreme Court has answered defendant's contentions adversely to his position in *Dobbert v. Florida*, 432 US 282, 97 S Ct 2290, 53 L Ed 2d 344 (1977).

■    In *Dobbert*, the capital punishment sentencing scheme in effect when the defendant committed murder was later declared unconstitutional. Under that scheme, the death penalty was "presumed" unless the jury, in its

---

[2] Although defendant was charged with both DCS and PCS and argues that the court erred in overruling his demurrer, his argument primarily addresses the DCS charge. Count 2 of the indictment, which alleged the PCS offense, originally included the allegation that it was a "commercial drug offense." That factor would have authorized a category 8 treatment of the conviction, greater than that authorized under "scheme or network." The prosecutor conceded that the *ex post facto* clause barred retroactive application of "commercial drug offense" and moved to strike that allegation from the indictment. Defense counsel concurred. After trial, the court merged the two convictions.

unbridled discretion, recommended mercy. The Florida legislature then enacted a different capital punishment sentencing scheme based on aggravating and mitigating factors. That scheme passed constitutional scrutiny. The defendant argued that the *ex post facto* clause prohibited application of the new statute to his crimes. The Supreme Court rejected the defendant's arguments, holding that the change in the new statute was procedural and ameliorative and did not increase the quantum of punishment attached to the crime. 432 US at 293.

The defendant also argued that there was no death penalty when he committed the crimes, because the statute in effect was later declared unconstitutional. The Supreme Court summarily dismissed his contention:

> "[T]his sophistic argument mocks the substance of the Ex Post Facto Clause. Whether or not the old statute would, in the future, withstand constitutional attack, it clearly indicated Florida's view of the severity of murder and of the degree of punishment which the legislature wished to impose upon murderers. The statute was intended to provide maximum deterrence, and its existence on the statute books provided fair warning as to the degree of culpability which the State ascribed to the act of murder." 432 US at 297.

Likewise, Oregon Laws 1991, chapter 690, does not violate the *ex post facto* clauses. It did not create a greater crime or enhance the penalty. The elements of the crimes of DCS and PCS under ORS 475.992 are the same. The 1991 legislation controls only the sentencing factors that ORS 135.711 requires the indictment to allege. *See State v. Lark*, 113 Or App 458, 833 P2d 1286, *rev allowed* 314 Or 727 (1992). As the Supreme Court recently noted:

> "The only function of the 'scheme or network' allegation * * * was to move up the underlying drug offenses on the 'crime-seriousness' scale *for sentencing purposes*. Although the state is required to plead specially in the indictment any offense-subcategory fact on which it seeks to rely to enhance an offense for sentencing purposes, such an allegation is required *in addition to* the allegations of the elements of the underlying offense. ORS 135.711." *State v. Ferrell*, 315 Or 213, 221, 843 P2d 939 (1992). (Emphasis in original; footnote omitted.)

The 1991 legislation also did not enhance the quantum of punishment for a conviction of DCS or PCS. Under the "scheme or network" provision, the maximum penalty that could be imposed on a conviction for DCS was within category 8 and for PCS was within category 6. Those penalties apply under Oregon Laws 1991, chapter 690.

"Scheme or network" aggravated the seriousness of the drug offenses of manufacture, delivery or possession. In *State v. Moeller, supra,* 105 Or App at 441, we held that the phrase was unconstitutionally vague because it was "susceptible to an abundance of possible meanings and applications, all or none of which may be the intended ones." Oregon Laws 1991, chapter 690, was enacted to provide specific notice of what conduct would support an enhanced sentence for those crimes. As in *Dobbert*, the new legislation provides defendants with more protection. The court did not err in overruling defendant's demurrer.

Affirmed.