# STATE OF OREGON,
*Respondent,*

*v.*

# ESEQUIEL BOJORQUES-QUINONEZ,
*Appellant.*

(9102068 CR; CA A74280 (Control))

# STATE OF OREGON,
*Respondent,*

*v.*

# ESEQUIEL BOJORQUES-QUINONEZ,
*Appellant.*

(9102099 CR; CA A74281)
(Cases Consolidated)

854 P2d 498

Enver Bozgoz, Klamath Falls, argued the cause and filed the brief for appellant.

Timothy Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Youlee Yim You, Assistant Attorney General, Salem.

Before Deits, Presiding Judge, and Riggs and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals his convictions and sentence for possession of a controlled substance, delivery of a controlled substance and unlawful possession of a firearm. ORS 475.992; ORS 166.250. We affirm.

At about 7:45 p.m. on January 9, 1991, an officer of the Oregon State Police saw defendant driving at a high rate of speed. Defendant's car drifted over the center line. The officer stopped defendant because he thought that defendant was under the influence of intoxicants. However, in the initial contact, the officer determined that defendant was sober. The officer took defendant's driver's license, vehicle registration and also identification from defendant's passenger and returned to the patrol car, where he noted the information in a notebook and then returned to defendant's car. The officer testified that defendant was still in the driver's seat, that he handed defendant both sets of ID as well as the vehicle registration and told defendant that he was "free to go." When the officer asked defendant if he understood, defendant responded in the affirmative. The officer then asked defendant if he would answer some questions and defendant responded, "Yeah, sure." After a few questions, the officer asked for consent to search the car and defendant agreed.

Defendant argues that the court erred in denying his motion to suppress evidence discovered in the search. He contends that, once the officer determined that he was not intoxicated, the reason for the stop dissipated and the officer was without authority to question him about matters outside the scope of the stop and to ask for permission to search the car. The trial court did not err. The officer had returned defendant's identification and vehicle registration and told defendant that he was free to go. Defendant had indicated that he understood. The traffic stop had terminated and defendant consented to the search. "[T]he conversation that followed the traffic stop was a separate exchange, and there was nothing otherwise impermissible about the inquiry." *State v. Allen*, 112 Or App 70, 74, 826 P2d 127, *rev den* 314 Or 176 (1992); *see also State v. Bonham*, 120 Or App 371, 852 P2d 905 (1993).

We do not address defendant's argument that the court was without authority to amend the indictment by allowing the state's motion to strike the language that alleged that the offense was a "commercial drug" offense. Defendant concurred in the amendment.

Defendant also argues that applying Oregon Laws 1991, chapter 690, codified as ORS 475.996, to his indictment violated the *ex post facto* clauses of the Oregon and federal constitutions. There was no constitutional violation. *State v. Perez,* 119 Or App 436, 851 P2d 617 (1993).

Affirmed.