Argued and submitted May 31, affirmed June 28, petition for review denied November 7, 2000 (331 Or 283)

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM ROY HAYNES,
*Appellant.*

(97C-20939; CA A102303)

7 P3d 623

Susan F. Drake, Deputy Public Defender, argued the cause for appellant. With her on the briefs was David E. Groom, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for murder, challenging only the sentence imposed. We affirm.

The relevant facts are not in dispute. Defendant committed the crime underlying the conviction in 1997. He was convicted of murder in violation of ORS 163.115(1)(b) and was sentenced to "imprisonment for life" with a minimum sentence of 300 months, pursuant to ORS 163.115(5).

Meanwhile, this court issued its opinion in *State v. McLain*, 158 Or App 419, 974 P2d 727 (1999), holding that the "imprisonment for life" sentence required by ORS 163.115(5) is unconstitutionally disproportionate. We reasoned that, because under existing statutes the Board of Parole and Post-Prison Supervision (Board) lacked authority to parole individuals sentenced to imprisonment for life on murders committed after November 1, 1989, the effective mandatory life sentence exceeded — and, thus, was disproportionate to — the sentence for the greater crime of aggravated murder, which permitted consideration for parole after 25 years. 158 Or App at 423-25. The Legislative Assembly promptly enacted legislation that grants the Board express authority to parole a person who has been convicted of murder under ORS 163.115, regardless of the date the crime was committed. Or Laws 1999, ch 782, § 2.

■ On appeal, defendant argues that, under *McLain*, his sentence is invalid. The state argues that *McLain* no longer is good law. According to the state, the legislature has provided the Board with the authority the lack of which this court held was the source of the constitutional defect in the sentence required by ORS 163.115(5). Defendant replies that the new legislation cannot be applied to him without running afoul of the constitutional prohibition against *ex post facto* laws. Or Const, Art I, § 21; US Const, Art I, § 10. The state argues that, under our decision in *State v. Grimes*, 163 Or App 340, 986 P2d 1290 (1999), and the authorities cited therein, there is no *ex post facto* violation in applying retroactively a new and generally ameliorative sentencing statute to replace the one that was in effect at the time the crime was committed.

We agree with the state. In *Grimes*, the defendant committed sexual abuse in the first degree. At the time he committed the crime, Ballot Measure 40 was in effect and barred administrative agencies from reducing a prison sentence imposed in open court unless the sentencing court expressly authorized the agency to do so. Ballot Measure 40 later was declared unconstitutional in *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998), but the legislature by then had enacted a statutory provision that authorizes the court to restrict the authority of administrative agencies to reduce a prison term if the court finds substantial and compelling reasons to do so. ORS 137.750. The defendant argued that the statute could not apply to him without violating state and federal *ex post facto* prohibitions. We held that the retroactive application of the statute to the defendant posed no *ex post facto* problem because the statute was generally ameliorative and did not increase the quantum of punishment from what was required at the time the defendant had committed the crime. *Grimes*, 163 Or App at 347.

■ In this case, the statute in force at the time defendant committed the crime mandated an "imprisonment for life" sentence on a conviction of murder. Under the current statute, defendant faces the possibility of parole upon completion of the minimum term. Plainly the statute is ameliorative, and its application to defendant presents no *ex post facto* violation.

Defendant insists that, under our decision in *McLain*, the "imprisonment for life" sentence was declared unconstitutional and thus cannot serve as the benchmark from which to evaluate the effect of applying the newer statute. We rejected that very argument in *Grimes*, however, noting that it previously had been disapproved in cases arising under both the federal and state *ex post facto* clauses. *Id.* at 348 (citing *Dobbert v. Florida*, 432 US 282, 97 S Ct 2290, 53 L Ed 2d 344 (1977); *State v. Perez*, 119 Or App 436, 851 P2d 617, *rev den* 317 Or 272 (1993)).

Defendant's other arguments require no discussion.

Affirmed.