Submitted on record and briefs April 11, convictions affirmed; remanded for resentencing May 4, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## THEARONE GILES,
*Appellant.*

9908-36510; A118345

113 P3d 436

Andrew S. Chilton and Chilton, Ebbett & Rohr, LLC, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Rasmussen, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted of murder, ORS 163.115, and felon in possession of a firearm, ORS 166.270. The trial court sentenced him to 300 months of incarceration. On the felon in possession count, the court departed from the presumptive sentence of probation and imposed an 18-month prison sentence based on, among other aggravating factors, the fact that "defendant has prior firearm offenses." On appeal, defendant argues that the trial court effectively found that he had had persistent involvement in similar offenses and that such a finding must be made by a jury, as required by *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). He acknowledges that he did not preserve that argument, but asks that we nevertheless consider it as an error of law apparent on the face of the record. ORAP 5.45(1).

The state responds that nothing in the record suggests that the trial court based its departure sentence on a finding of persistent involvement in similar offenses. According to the state, the trial court merely found that defendant had prior firearm offenses, and the court "may have been concerned that defendant is the type of person who had committed prior gun-related offenses and now has committed a new crime."

In *State v. Perez*, 196 Or App 364, 371-73, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we held that, under *Apprendi* and *Blakely*, any fact other than the "bare fact of a prior conviction" that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. *Perez* appears to be dispositive.

The state acknowledges *Perez* and its applicability, but offers two arguments in support of its contention that the sentence still should be affirmed. First, the state argues that *Perez* was incorrectly decided. We decline the state's invitation to reconsider the decision.

Second, the state argues that, notwithstanding *Perez*, we should exercise our discretion not to review the plain error. The state argues that it was arguably appropriate for us to exercise our discretion to review the matter in *Perez* because in that case the state had apparently neglected to identify any reason not to do so. In this case, the state insists that there is good reason not to exercise our discretion to review defendant's assignment, namely, that the trial court could have required the state to prove the departure factor to a jury beyond a reasonable doubt, thereby avoiding the error. According to the briefs submitted in *Perez*, however, the state unsuccessfully advanced the same argument in that case. What we noted in that decision was not that the state had failed to identify any reason for us not to review the issue, but that "the state asserts no valid interest in requiring [the] defendant to serve an unlawful sentence." *Perez*, 196 Or App at 373. In this case, too, the state has not done so.

Convictions affirmed; remanded for resentencing.