Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed April 1, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## THEARONE GILES,
*Defendant-Appellant.*

Multnomah County Circuit Court
990836510; A118345

204 P3d 868

Andrew Chilton and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Giles*, 199 Or App 404, 113 P3d 436 (2005) (*Giles I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Giles*, 345 Or 315, 195 P3d 63 (2008). In *Giles I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We do not reach that question, however, because we conclude that the exercise of our discretion to remand this case for resentencing is warranted on the separate ground that the trial court erred in finding that defendant was persistently involved in similar offenses.

Defendant was convicted of murder and felon in possession of a firearm. On the murder conviction, the trial court sentenced defendant to life with a 25-year minimum. ORS 163.115; ORS 137.700. The court also imposed a durational departure sentence of 18 months' imprisonment on the felon in possession of a firearm conviction. The court gave the following reasons for its decision to depart:

> "There's a finding that you were the person with that gun. You were on supervision at the time of this offense. You were on abscond status at the time of this offense on your parole. You have a prior firearm conviction. And those are things that are aggravating factors here."

The trial court did not explicitly state that it was relying upon the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if any one of the factors relied upon by the trial court is erroneous.

■    In this case, the trial court imposed a departure sentence on defendant's felon in possession of a firearm conviction in part because he had a "prior firearm conviction." In the written judgment, the court elaborated that "defendant has prior firearm offenses." We understand the trial court's reliance on the prior conviction to be a decision to impose a departure sentence on the basis of defendant's persistent involvement in similar offenses.

However, the state, at sentencing, offered evidence of only a *single* prior conviction for felon in possession of a firearm. Defendant likewise admitted to having a single prior conviction for felon in possession of a firearm. As we explained in *State v. Rodriguez*, 113 Or App 696, 699, 833 P2d 1343 (1992), a single prior conviction suggests an emerging pattern of persistent involvement in similar offenses, but does not establish it. Accordingly, the record in this case does not support imposition of a departure sentence based on that factor.

■    We exercise our discretion to correct that error for two reasons: First, as discussed, the record does not support imposition of a durational departure sentence on the basis of "persistent involvement." Second, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. Although defendant is serving a life sentence under ORS 163.115, the mandatory incarceration portion of that sentence is 300 months. By imposing the 18-month departure sentence to be served consecutively to that 300-month sentence, the court increased defendant's term of required incarceration by 18 months. Accordingly, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.