Argued and submitted January 17, sentence for murder reversed and remanded with instructions to impose a sentence of 300 months' imprisonment followed by post-prison supervision for life; otherwise affirmed December 27, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THEARONE GILES,
*Defendant-Appellant.*

Multnomah County Circuit Court
990836510; A146167

293 P3d 1086

Kenneth A. Kreuscher argued the cause for appellant. With him on the briefs was Portland Law Collective, LLP.

Timothy A. Sylwester, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

This case stems from a murder committed on August 26, 1999. This is the third time the case has been before this court. Defendant was charged with murder, *former* ORS 163.115(5) (1997), and felon in possession of a firearm, ORS 166.270. In 2001, a jury convicted defendant on both counts. In defendant's first appeal, this court considered defendant's unpreserved error on sentencing. We affirmed defendant's convictions and remanded for resentencing. *State v. Giles*, 199 Or App 404, 113 P2d 436 (2005) (*Giles I*). The Supreme Court vacated our opinion and remanded the case to this court for reconsideration in light of two Supreme Court opinions. *State v. Giles*, 345 Or 315, 195 P3d 63 (2008) (*Giles II*). On remand, this court again exercised its discretion and reached defendant's unpreserved argument regarding sentencing. *State v. Giles*, 227 Or App 5, 204 P3d 868 (2009) (*Giles III*). On remand from this court, the trial court resentenced defendant. On the murder count, the court imposed a sentence of life imprisonment with the possibility of parole or release after serving a 300-month mandatory minimum sentence. On the felon in possession of a firearm count, the court sentenced defendant to 18 months, to run concurrently with defendant's sentence on the murder conviction. In this appeal, defendant does not challenge the felon-in-possession sentence or the 300-month mandatory minimum sentence or the term of post-prison supervision for life on the murder count. He contends, however, that the sentence of "life imprisonment" for murder is a violation of the *ex post facto* provisions of the state and federal constitutions. He requests that this court remand the case for resentencing with instructions not to impose a sentence of "life imprisonment." This case requires us to consider the continuing effect, if any, of a statute that has been declared unconstitutional.

Pursuant to *former* ORS 163.115(5)(a) (1997), from 1995 until February 17, 1999, the statutory punishment for murder was imprisonment for life, with a "minimum" sentence of 300 months. However, the Board of Parole and Post-Prison Supervision (board) had no authority to consider for parole an offender who had served the minimum sentence of 300 months. Thus, the sentence was, in effect,

a "true life" sentence, because there was no possibility of parole. In *State v. McLain*, 158 Or App 419, 426, 974 P2d 727 (1999), decided February 17, 1999, this court concluded that the true life sentence under ORS 163.115(5)(a) was unconstitutionally disproportional under Article I, section 16, of the Oregon Constitution, because it provided a greater penalty for murder than that provided for the greater crime of aggravated murder, which allowed for the possibility of parole. We held that the "true-life" provision of ORS 163.115(5)(a) was "constitutionally flawed." We concluded that, under then-existing versions of ORS 137.700(a)(A) and ORS 163.115(5)(b), the proper sentence for the defendant's crime of murder was a mandatory determinate sentence of 300 months' imprisonment (25 years) followed by a lifetime of post-prison supervision in accordance with OAR 213-005-0004 (1996).[1]

On October 23, 1999, the Legislative Assembly amended ORS 163.115(5) to correct the disproportionality of the murder sentencing scheme by providing a punishment of a mandatory minimum of 300 months' imprisonment, plus the *possibility* of parole, that is, the life-with-possibility-of-parole sentence. The statute as amended applied to any person who had been convicted of murder under ORS 163.115, regardless of the date the crime was committed. Or Laws 1999, ch 782, § 2.

We have referred to the time period between February 17, 1999, when this court held the "true life" version of ORS 163.115(5) to be unconstitutional, and October 23, 1999, when the amended, life-with-possibility-of-parole, version of the statute became effective, as the *"McLain* window." *See, e.g., State v. Davis*, 216 Or App 456, 465, 174 P3d 1022 (2007). Defendant committed his offense on August 26, 1999, during the *McLain* window. He was convicted on September 20, 2001, after the effective date of the amendment to ORS 163.115(5). After the April 2010

---

[1] We held:

"We agree [with the parties] that the proper sentence is the 25-year mandatory minimum sentence required by ORS 137.700(a)(A) and ORS 163.115(5)(b), followed by post-prison supervision for life in accordance with ORS 213-005-0004."

158 Or App at 427.

resentencing hearing, the trial court imposed the life-with-possibility-of-parole sentence provided in ORS 163.115(5), as amended October 23, 1999.

Defendant contends on appeal that, because he committed his offense *after* this court's decision of February 17, 1999, but *before* the legislature's amendment of the statute, for purposes of *ex post facto* analysis, his current sentence must be compared to the sentence that this court said applied at the time he committed the offense on August 26, 1999, *i.e.*, a determinate sentence of a mandatory 300 months' imprisonment (25 years) followed by a lifetime term of post-prison supervision. *McLain*, 158 Or App at 427. Defendant asserts that application of the life-with-possibility-of-parole sentence is indisputably more severe than the sentence that this court held was applicable and, therefore, the sentence imposed at resentencing was a violation of state and federal *ex post facto* protections.

The state contends otherwise. Relying on *State v. Haynes*, 168 Or App 565, 568, 7 P3d 623, *rev den*, 331 Or 283, (2000), the state asserts that the "benchmark" sentence against which the life-with-possibility-of-parole sentence imposed under amended ORS 163.115(5) is to be compared to the former "true life" version of ORS 163.115(5). That is the version of the statute that the state contends was "in force" when defendant committed his offense, despite this court's decision in *McLain*. Because the "true life" sentence to which defendant was subject under the former version of ORS 163.115(5) was more onerous than the sentence to which he is currently subjected, the state contends that there is no *ex post facto* violation.

In *Haynes*, the defendant, who was convicted of murder, committed the crime underlying his conviction in 1997, when the former "true life" version of ORS 163.115(5) was in effect. He was convicted and sentenced under the amended version of ORS 163.115(5) to "imprisonment for life" with a minimum sentence of 300 months and the possibility of parole. The defendant challenged his sentence, contending that the new legislation could not apply to him without running afoul of the constitutional prohibition against *ex post facto* laws. Or Const, Art I, § 21. We rejected

the defendant's challenge. We held that the legislature's amendment of ORS 163.115(5)(a) had corrected the proportionality problem at issue in *McLain*. Citing *State v. Grimes*, 163 Or App 340, 986 P2d 1290 (1999), we said that, because the amended statute and the life-with-possibility-of-parole sentence was "ameliorative," and did not increase the quantum of punishment from what had been required at the time the defendant had committed his crimes, there was no *ex post facto* violation in applying the amended version of the statute retroactively to replace the statute in effect at the time the crime was committed. 168 Or App at 568.[2]

Citing *Haynes*, the state contends that, because the statute "in force" when defendant committed his offense was the former unconstitutional version of ORS 163.115(5), which imposed a "true life" sentence, the amended life-with-possibility-of-parole sentence is ameliorative and, as we held in *Haynes*, can be applied retroactively without violation of *ex post facto* prohibitions.

In answer to defendant's contention that the applicable benchmark sentence at the time of the offense for purposes of *ex post facto* analysis was the sentence that this court applied in *McLain*, the state asserts that *McLain* did not establish or apply a sentence in lieu of the constitutionally defective statute. Rather, the state contends, *McLain* held only that Article I, section 16, precluded application of that portion of the statutory sentence that prevented a person convicted of murder from being paroled until the legislature amended the statute to provide parole or release on terms that were equal to or less onerous than those that applied to a conviction for aggravated murder. The state asserts that "[t]his court's decision in *McLain* did not mean that ORS 163.115(5)(a) legally ceased to exist and that [defendant] could not fairly have been on 'notice' for purposes of the *ex post facto* clauses that he would be subject to a life sentence

---

[2] In *Haynes*, we said:

"In this case, the statute in force at the time defendant committed the crime mandated an 'imprisonment for life' sentence on a conviction of murder. Under the current statute, defendant faces the possibility of parole upon completion of the minimum term. Plainly the statute is ameliorative, and its application to defendant presents no *ex post facto* violation."

*Haynes*, 168 Or App at 568.

if he committed murder." In the state's view, the former version of ORS 163.115(5), with its "potential" constitutional defects, continued to exist until the legislature fixed it in October 1999, and defendant was on notice of the potential life imprisonment punishment under that statute.

In response to defendant's contention that the effect of *McLain* was that the murder sentencing provisions of ORS 163.115(5) could not be applied at all, the state asserts that, when a constitutional defect can be remedied retroactively, a statute is only *potentially* unconstitutional and remains "in force" until it is amended. This is especially so, in the state's view, when the sentence under challenge would become disproportional only after the defendant had served the mandatory 25 years of imprisonment and had no possibility of parole. The legislature's amendment authorized the board to parole a defendant after 25 years; accordingly, this defendant was never subjected to the statute's potential disproportionality problem. Therefore, the amendment was "ameliorative," in the sense that the sentence under the amended statute is less onerous than the potential sentence under the original statute; accordingly, the state asserts, there is no *ex post facto* violation in applying it retroactively.

Defendant has the better argument. We held in *McLain* that the former version of ORS 163.115(5)(a) was "constitutionally flawed" because of its disproportionality with the offense of aggravated murder. We expressly considered in *McLain* whether the statute could nonetheless be constitutionally construed, but determined that that was not possible without rendering the statute meaningless. 158 Or App at 426-27. When this court determined that the former version of ORS 163.115(5)(a) was unconstitutional, that statutory provision could no longer be applied. *See Cannon v. Gladden*, 203 Or 629, 632-33, 281 P2d 233 (1955) (effect of declaring sentencing statute unconstitutional under Article I, section 16, is that "life imprisonment" portion of statute is "nul and void."); *State v. Shumway*, 291 Or 153, 164, 630 P2d 796 (1981) (unconstitutional provision is "invalid and cannot be applied"). In light of the inapplicability of ORS 163.115(5), we determined, in *McLain*, that the proper sentence was that required by other statutes—a 25-year

mandatory minimum as provided in ORS 137.700(a)(A) and ORS 163.115(5)(b), followed by post-prison supervision for life in accordance with OAR 213-005-0004. Contrary to the state's contention, the disposition in *McLain* was not merely a case-specific result; rather, it identified and was predicated on the only sentence that could lawfully have been imposed as of that time (*i.e.*, before the enactment of the 1999 amendments). We conclude that that was the only sentence to which defendant could lawfully have been subjected as of the time he committed the murder, and because the 1999 amendments prescribe a sentence that is patently harsher than that prescribed by *McLain*, the application of the 1999-amended scheme to defendant violates *ex post facto* protections.

When defendant committed his offense, ORS 163.115(5) had not yet been amended to correct its disproportionality; thus, ORS 163.115(5) was inapplicable, and the same provisions that this court held in *McLain* applied to sentencing for murder applied to him. Those provisions required that a person convicted of murder serve a 300-month term of imprisonment followed by post-prison supervision for life. Under the amended version of ORS 163.115(5)(a), defendant would be entitled to only the *possibility* of parole after serving a 300-month minimum. Accordingly, as applied to defendant, the amended version of ORS 163.115(5) would be an *ex post facto* violation. We therefore reverse defendant's murder sentence and remand for imposition of a sentence of 300 months' imprisonment followed by post-prison supervision for life.[3]

Sentence for murder reversed and remanded with instructions to impose a sentence of 300 months' imprisonment followed by post-prison supervision for life; otherwise affirmed.

---

[3] Defendant has already served his sentence for felon in possession of a firearm, so there is no need to remand for resentencing on that conviction.