GARRETT, J.
*641 Defendant was convicted of murder by abuse, ORS 163.115(1)(c), in 1998. In 2015, he moved the trial court to delete "life in prison" from his sentence as an "erroneous term in the judgment," former ORS 138.083(1)(a) (2015),[1] arguing that the life sentence was *499 unconstitutional at the time it was imposed. The trial court granted defendant's motion. The state appeals, arguing that the trial court lacked authority to "correct" the 1998 judgment because that judgment was valid under our reasoning in State v. Haynes , 168 Or. App. 565, 7 P.3d 623, rev. den. , 331 Or. 283, 18 P.3d 1101 (2000). We agree with the state, and reverse and remand.
We review whether a trial court has authority to correct a judgment under former ORS 138.083 for errors of law. See State v. Easton , 204 Or. App. 1, 5-6, 126 P.3d 1256, rev. den. , 340 Or. 673, 136 P.3d 743 (2006) (so reviewing the scope of the trial court's authority under former ORS 138.083.).
The relevant facts are procedural and not in dispute. Defendant committed the crime underlying his conviction in February 1997. After being convicted in 1998, defendant was sentenced to "life in prison with a mandatory minimum of 25 years imprisonment"[2] as required by ORS 163.115(5) (1995).[3] At the time that defendant was sentenced, the Board *642 of Parole and Post-Prison Supervision lacked authority to parole persons convicted of murder under ORS 163.115. State v. McLain , 158 Or. App. 419, 425, 974 P.2d 727 (1999). Therefore, a life sentence under ORS 163.115(5)(a) was, in effect, a "true life" sentence-that is, a life sentence without the possibility of parole. Id.
At the same time, ORS 163.105(2) (1995)[4] authorized the board to parole persons convicted of aggravated murder, a more serious offense, once the offender had served a mandatory minimum term. Because a person convicted of aggravated murder could be paroled, but a person convicted of the lesser offense of murder under ORS 163.115 could not, we held in McLain that life sentences under ORS 163.115(5) were unconstitutionally disproportionate. 158 Or. App. at 425-27, 974 P.2d 727. We thus invalidated the provision of the judgment in McLain that sentenced the defendant to "imprisonment for life."[5] 158 Or. App. at 427, 974 P.2d 727. As a result, the proper sentence for murder was a 25-year determinate term of incarceration, to be followed by lifetime post-prison supervision. State v. Ambill , 282 Or. App. 821, 827-28, 385 P.3d 1110 (2016), rev. den. , 361 Or. 524, 395 P.3d 878 (2017).
The legislature in 1999 responded swiftly to our decision in McLain by amending ORS 163.115(5) to grant the board authority to parole persons with life sentences for murder. Or. Laws 1999, ch. 782, § 4. The amendment expressly applied "to offenders convicted of * * * murder regardless of the date of *500 the crime." Id. at § 2; Haynes , 168 Or. App. at 567, 7 P.3d 623.
The following year, in Haynes , we concluded that the 1999 amendment could retroactively apply to convictions for murders that were committed before the amendment's adoption. 168 Or. App. at 568, 7 P.3d 623. The defendant in Haynes , who *643 had been convicted under ORS 163.115 for a murder committed in 1997, argued that his life sentence was invalid under McLain , and that the 1999 amendment could not be applied to him without violating constitutional prohibitions against ex post facto laws. Haynes , 168 Or. App. at 567, 7 P.3d 623. We disagreed, reasoning that the defendant's life sentence was valid because the 1999 amendment "provided the Board with the authority the lack of which * * * was the source of the constitutional defect in the sentence." Id. at 567-68, 7 P.3d 623. We further concluded that the amendment did not violate constitutional ex post facto prohibitions because it was ameliorative. Id. at 568, 7 P.3d 623.
In 2015, defendant here moved under former ORS 138.083(1)(a) to delete "life in prison" from his sentence, arguing that, under McLain , the life sentence was an "erroneous term in the judgment." The proper sentence, defendant asserted, was a 25-year determinate term of incarceration followed by lifetime post-prison supervision. The state responded that the life sentence was not "erroneous" because the 1999 amendment had cured the source of the constitutional defect in the sentence, and, as a result, the appropriate sentence was an indeterminate life sentence with a 25-year minimum term of incarceration after which there would be a possibility of parole. The court granted defendant's motion and entered a corrected judgment under former ORS 138.083(1)(a) that omitted "life in prison" from the sentence.
On appeal, the state renews its argument that "life in prison" was not an "erroneous term" in defendant's 1998 judgment of conviction because, although defendant's "true life" sentence suffered from the same constitutional defect that we discussed in McLain , the 1999 amendment cured that defect by providing for the possibility of parole. The state contends that this case is directly controlled by our reasoning in Haynes that a life sentence under ORS 163.115(5) for a pre-1999 murder was, after the 1999 amendment, lawful.
As we understand it, defendant's argument attempts to distinguish Haynes on the grounds that Haynes did not involve former ORS 138.083(1)(a). Defendant's position is that, notwithstanding our reasoning in that case, the "life in *644 prison" term in defendant's judgment remained an "erroneous term" for purposes of former ORS 138.083(1)(a) because the Board lacked authority in 1998 to parole him. Defendant asserts that "[n]othing in the text, context or legislative history" of former ORS 138.083(1)(a)"deprive[s] a court from correcting a term in a judgment that was erroneous at the time it was imposed." He also argues that the 1999 amendment cannot have cured the judgment because, under constitutional separation of powers principles, the legislature cannot "validate" a preexisting invalid judgment.
We agree with the state that our reasoning in Haynes controls. As defendant acknowledges, his life sentence could be considered "erroneous" only because of the constitutional defect that resulted from the board's lack of authority to parole defendant. See Haynes , 168 Or. App. at 567-68, 7 P.3d 623. When the 1999 legislature granted the board that authority, the defect was cured. Id. ; Cf. State v. Davis , 216 Or. App. 456, 465, 174 P.3d 1022 (2007), rev. den. , 344 Or. 401, 182 P.3d 200 (2008) ("Thus, if-as in Haynes -defendant in this case had been sentenced before McLain to life imprisonment with a 25-year minimum and had appealed that sentence, and if we had decided that appeal after the effective date of the 1999 amendments, we would have sustained that sentence."). Therefore, defendant's life sentence under ORS 163.115(5) was not "erroneous" after the 1999 amendment was adopted, and the trial court lacked authority to delete it in 2015.
We accordingly reject defendant's argument that the trial court was authorized to delete "life in prison" because "[n]othing in the text, context or legislative history" of former ORS 138.083(1)(a)"deprive[s] a court *501 from correcting a term in a judgment that was erroneous at the time it was imposed." As the judgment contained no "erroneous term" following the 1999 amendment, the correct question is rather whether former ORS 138.083 authorizes a court to delete a term that is not erroneous at the time of correction. Nothing in the text, context, or history of former ORS 138.083(1)(a) suggests that it grants courts such authority.
Finally, we are unpersuaded by defendant's assertion that separation-of-powers principles will be violated if we apply the 1999 amendment to defendant's preexisting *645 judgment. Defendant's argument relies on State v. Rudder/Webb , 137 Or. App. 43, 903 P.2d 393 (1995), rev'd on other grounds , 324 Or. 380, 927 P.2d 79 (1996), in which we held that the legislature violated constitutional separation of powers principles when it passed a law that explicitly provided that existing judgments lacking subject matter jurisdiction under a previous law were thereafter "validated." Id. at 51-52, 903 P.2d 393. The statute was unconstitutional because it "encroache[d] impermissibly on the adjudicatory power of the judicial branch" by "mandat[ing] that the judicial branch construe and apply the law, not according to our judicial judgment, but according to the legislature's judgment." Id . Here, in contrast, the 1999 amendment did not contain any kind of "mandate" resembling that in Rudder/Webb ; on the contrary, the 1999 amendment said nothing at all about existing or future judgments. Or. Laws 1999, ch. 782, §§ 2, 4. And Rudder/Webb did not, as defendant suggests, hold that separation-of-powers principles are violated whenever legislation is applied to affect an existing judgment. The 1999 legislation did not "encroach[ ] impermissibly on the adjudicatory power of the judicial branch" when it granted the board authority to parole persons with life sentences for murder, which would affect some existing judgments. Cf. A.K.H. v. R.C.T. , 312 Or. 497, 502, 822 P.2d 135 (1991) ("It is a function of legislation to draw lines. We do not see how legislative awareness of the facts of a particular case that would fall within the terms of its enactment of a general law in any way changes the purely legislative nature of the enactment." (Emphasis in original.) ).
Reversed and remanded.

Former ORS 138.083(1)(a) (2015), which allowed courts to correct sentencing errors in judgments after the judgment was entered, provided:
"The sentencing court retains authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."
Former ORS 138.083 (2015) was repealed in 2017 by Senate Bill (S.B.) 896, Or. Laws 2017, ch. 529, § 26, and replaced by a similar provision now codified as ORS 137.172. Because the judgment in this case was entered before the January 1, 2018, effective date of SB 896, the bill's provisions do not apply. Or. Laws 2017, ch. 529, § 28 (providing that SB 896 applies "on appeal from a judgment or order entered by the trial court on or after the effective date of this 2017 Act"). Throughout this opinion, we refer to the former 2015 version of the statute.

The conviction was affirmed on appeal and the Supreme Court denied review. State v. Hubbard , 171 Or. App. 334, 14 P.3d 101 (2000), rev. den. , 332 Or. 240, 28 P.3d 1175 (2001).

ORS 163.115(5) (1995) has subsequently been amended. See Or. Laws 1999, ch. 782, § 4; Or. Laws 2007, ch. 717, § 2; Or. Laws 2009, ch. 660, § 7; Or. Laws 2009, ch. 785, § 1; Or. Laws 2015, ch. 820, § 46. With the exception of Or. Laws 1999, ch. 782, § 4, which we will discuss below, none of those amendments affects our analysis. All further references to ORS 163.115 in this opinion are to the 1995 version of the statute.

ORS 163.105(2) (1995) has also subsequently been amended. See Or. Laws 1999, ch. 782, § 5; Or. Laws 2007, ch. 717, § 1. None of those amendments affects our analysis.

Although our opinion used the phrase "erroneous term in the judgment," McLain , 158 Or. App. at 427, 974 P.2d 727, that case did not involve former ORS 138.083. It is not significant that both McLain and former ORS 138.083 use the phrase "erroneous term in the judgment."